**Antoine Dupre LITTLE, Petitioner–Appellant,**

v.

**D.L. RUNNELS, Warden, Respondent–Appellee.**

No. 04–17388.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2006.

Filed April 23, 2007.

William Weiner, Esq., San Francisco, CA, for Petitioner–Appellant.

Antoine Dupre Little, Susanville, CA, pro se.

David H. Rose, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER,* District Judge.

---

* The Honorable David G. Trager, District Court Judge, Eastern District of New York, sitting by designation.

## MEMORANDUM **

Antoine Dupre Little appeals from an order issued by the District Court for the Northern District of California denying his petition for a writ of habeas corpus. Little argues on appeal that: (1) the admission of a prior uncharged robbery violated his due process rights; (2) the admission of hearsay testimony during the gang participation enhancement portion of his trial violated his confrontation rights under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); (3) his trial counsel was ineffective; and (4) the cumulative effect of the above errors denied him a fair trial. We have jurisdiction under 28 U.S.C. § 2253 and affirm the district court's denial of his petition for a writ of habeas corpus.

Given the parties' familiarity with the facts, we do not recount them in detail here. Little was convicted of robbery, two counts of assault with a deadly weapon and two counts of false imprisonment. The jury also found that the California gang participation enhancement applied to Little. On appeal, the California Court of Appeals struck down an enhancement for use of a weapon imposed against Little, but otherwise upheld his convictions, including the gang participation enhancement.

■ Turning to the claim that the evidence of an earlier uncharged robbery was improperly admitted at trial, even if this was error, we conclude it was harmless. There was no question that Little was at the scene of the robbery; both Little and one of his co-defendants testified to that fact. More importantly, the proceeds of the robbery were recovered in the car that Little fled from after being chased by po-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lice. Furthermore, Little's alibi, which involved a marijuana purchase with one of the employees of the store where the robbery occurred, was implausible. To accept Little's version of events, a jury would have to believe that the employee, who, according to Little, had just participated in a drug transaction, immediately called 911 after the sale and then fabricated the entire tale of the robbery. Moreover, Little's alibi fails to account for the presence in the getaway car of the robbery proceeds, which were identified by a supervisor at the store.

■ Little's claim under *Crawford* fails because the rule announced in *Crawford* does not apply retroactively to collateral proceedings, such as the instant habeas petition. *Whorton v. Bockting*, —— U.S. ——, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). In *Whorton*, the Supreme Court held that, under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and its progeny, the rule articulated by *Crawford* is a new rule that does not implicate the fundamental fairness and accuracy of criminal proceedings.

■ Little also contends that he received ineffective assistance of counsel when his trial counsel failed to question him about the uncharged robbery during his testimony at trial. Additionally, he argues that his trial counsel's failure to call his girlfriend as a witness also constituted ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show: "(1) that his counsel's representation 'fell below an objective standard of reasonableness'; and (2) that counsel's deficient performance 'prejudiced' the defense." *Sims v. Brown*, 425 F.3d 560, 584 (9th Cir.2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), *cert. denied, Sims v. Ayers*, —— U.S. ——, 127 S.Ct. 62, 166 L.Ed.2d 56 (2006). The decision of Little's counsel to avoid ques-

tions about the earlier uncharged robbery was a reasonable strategic decision and, as such, did not constitute ineffective representation. *See Strickland*, 466 U.S. at 690, 104 S.Ct. 2052 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). By avoiding the issue of the earlier uncharged robbery, Little's counsel attempted to minimize the impact of the prior crime. As noted by the district court, counsel's strategy was apparently successful as the prosecutor avoided the topic of the prior robbery during the cross-examination of Little. As to counsel's failure to call Little's girlfriend, that claim must be dismissed as unexhausted because Little never raised this argument in state court. *See Beaty v. Stewart*, 303 F.3d 975, 989–90 (9th Cir. 2002) (holding that claim was not exhausted where the factual allegations raised in petitioner's habeas petition differed substantially from those raised on appeal in state court). Moreover, even if properly exhausted, this claim would fail on the merits. Little claims that his girlfriend should have been called to testify about the earlier uncharged robbery. For the same reason discussed above, counsel's decision not to explore that issue was sound strategy. Finally, even if Little could show that his counsel's representation fell below an objective standard of reasonableness, Little would be unable to establish prejudice in light of the strength of the State's case, as outlined in the earlier discussion of harmless error.

Finally, because all of Little's individual claims are meritless, his argument of cumulative error also fails. Accordingly, the conviction is

**AFFIRMED.**